UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Case No. 24-cr-371-02 |
| | § |
| OSCAR WATTELL | § |

## MOTION TO SEVER
## PREJUDICIAL JOINDER

COMES NOW, OSCAR WATTELL, the Defendant by and through his attorney of record, Michael DeGeurin, and files this Motion to Sever- Prejudicial Joinder. In support of this Motion, Mr. Wattell submits the following:

1) Mr. Wattell is charged in a 48-count superseding indictment. Docket # 890.

2) Mr. Wattell is charged in five (5) of the forty-eight (48) counts.

   a. Count 17 - Mr. Wattell is charged with wire fraud conspiracy, along with nine co-defendants, in connection with a bail bond for Curtis Holiday. In violation of 18 U.S.C. §§1349 and 1343.

   b. Count 21 - Mr. Wattell is charged with wire fraud conspiracy, along with three co-defendants, in connection with a bail bond for Derrick Washington. In violation of 18 U.S.C. §§1349 and 1343.

   c. Count 29 - Mr. Wattell is charged with wire fraud conspiracy, along with six co-defendants, in connection with a bail bond for Patrick Brown. In violation of 18 U.S.C. §§1349 and 1343.

    d. Count 36 - Mr. Wattell is charged with wire fraud conspiracy, along with five co-defendants, in connection with a bail bond for Wallace Thomas. In violation of 18 U.S.C. §§1349 and 1343.

    e. Count 47 - Mr. Wattell is charged with being a Person Engaged in the Business of Insurance after a felony conviction involving dishonesty. In violation of 18 U.S.C. § 1033(e)(1)(A) and 2.

Counts 17, 21, 29, and 36 are separate conspiracies involving bonding with AAble Bonding Company and Count 47 is an allegation that Mr. Wattell was working for AAble Bonding. Although arguably properly joined by the government, the joinder is prejudicial and would deprive Mr. Wattell of the *due process* of a fair trial. Federal Rule of Criminal Procedure Rule 14 allows for relief from prejudicial joinder:

> (a) Relief. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the Court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.
>
> (b) Defendant's Statements. Before ruling on a defendant's motion to sever, the Court may order an attorney for the government to deliver to the Court for in camera inspection any defendant's statement that the government intends to use as evidence.

Fed. R. Crim. P. 14. The purposes of Rules 8 and 14 are to "promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair

2

trial." *Zafiro v. United States*, 506 U.S. 534, 540, (1993) (quoting *Bruton v. United States*, 391 U.S. 123, 131, n.6, 88 S.Ct. 1620 (1968)).  When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened.  *Id.* at 539 (see also *Kotteakos v. United States*, 328 U.S. 750, 774-775 (1946).  Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice.  Id. (see also, *Bruton v. United States*, 391 U.S. 123 (1968).

## The Conspiracies

The nature of the accusations is that due to distinct and unrelated felony charges against co-defendants, they were being held in custody and seeking a bail bond.  The nature of the offenses for which co-defendants Holiday, Washington, Brown, and Thomas were detained is prejudicial to them in a wire fraud conspiracy.  The co-defendants' charges are not relevant to whether or not there is a conspiracy to devise a scheme and artifice to defraud by means of materially false and fraudulent pretenses, representations, and promises.  However, the government's theory is that each of the charged conspiracies involved high-risk bonds; thus, AAble sought cosigners who would be sufficient to indemnify the bonding company's risks.  The government will seek to introduce the charges that led to the detention of the co-defendants.  The introduction of the charges is more

3

prejudicial than probative of the alleged fraud. The combined charges from separate conspiracies increase the prejudice.

Engaged in the Business of Insurance

In Count 47, the government alleges that Mr. Wattell had been convicted of a felony involving dishonesty. This charge requires the government to prove beyond a reasonable doubt that Mr. Wattell has a "felony involving dishonesty." This is a term of art undefined in Title 18 and does not appear in any other criminal statute. There is no pattern jury instruction for 18 U.S.C. 1033. The statute would lend itself to a combination of 5th Circuit pattern instruction 2.43D and 2.43A possession of a firearm by a convicted felon and dealing in firearms without a license:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> First: That the defendant was a person engaged in the business of insurance;
>
> Second: That before the defendant engaged in the business of insurance, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year;
>
> Third: That the crime the defendant was convicted of has an element involving dishonesty;
>
> Fourth: That the defendant knew he had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year and the crime involved the element of dishonesty.

The introduction of Mr. Wattell's criminal history in Count 47 would be extremely prejudicial in the conspiracy counts:

| Case No. | Name | Dates | Ct | Status | Disposition | Amount | Charge | Date |
|---|---|---|---|---|---|---|---|---|
| 157062901010-3/ Dismissed(D) | WATTELL, OSCAR LAMAYSEE | 11/13/2017 / 6/28/2018 | 230 | Disposed(D) | Dismissed(DISM)10/8/2018 | | THEFT >=2,500 <30,000 (F) | 10/8/2018 |
| 216821701010-2/ Complete(C) | WATTELL, OSCAR | 9/6/2017 / 7/2/2018 | 2 | Disposed(D) | Disposed(DISP)10/26/2018 | $25,000 | THEFT >=$750 <$2,500 (M) | 10/26/2018 |
| 216417401010-2/ Complete(C) | WATTELL, OSCAR LAMAYSEE | 8/4/2017 / 7/2/2018 | 2 | Disposed(D) | Disposed(DISP)10/26/2018 | $25,000 | THEFT >=$100<$750 (M) | 10/26/2018 |
| 216310801010-2/ Complete(C) | WATTELL, OSCAR LAMAYSEE | 7/27/2017 / 7/2/2018 | 2 | Disposed(D) | Disposed(DISP)10/26/2018 | $25,000 | THEFT >=$750 <$2,500 (M) | 10/26/2018 |
| 214792201010-2/ Complete(C) | WATTELL, OSCAR LAMAYSEE | 4/25/2017 / 7/2/2018 | 2 | Disposed(D) | Disposed(DISP)10/26/2018 | $25,000 | THEFT >=$100<$750 (M) | 10/26/2018 |
| 151728101010-3/ Complete(C) | BOUTTE, KAVON | 7/18/2016 / 10/10/2018 | 230 | Disposed(D) | Disposed(DISP)10/10/2018 | $30,000 | AGG ROBBERY-DEADLY WPN (F) | 10/10/2018 |
| 151727801010-3/ Complete(C) | WATTELL, OSCAR | 7/18/2016 / 6/28/2018 | 230 | Disposed(D) | Disposed(DISP)10/8/2018 | | ROBBERY-THREATS (F) | 10/8/2018 |
| 209867701010-2/ Dismissed(D) | WATTELL, OSCAR | 6/26/2016 / 7/2/2018 | 2 | Disposed(D) | Dismissed(DISM)10/26/2018 | $25,000 | FAIL TO ID TO P.O. FALSE INF/FUG (M) | 10/26/2018 |
| 20820300101A-4/ Complete(C) | WATTELL, OSCAR | 5/27/2016 | 2 | Disposed(D) | | 7/27/2016 | $5,000 | |
| 20805440101A-4/ Complete(C) | WATTELL, OSCAR | 5/27/2016 | 2 | Disposed(D) | | 7/27/2016 | $3,000 | |
| 150774201010-3/ Dismissed(D) | WATTELL, OSCAR LAMAYSEE | 4/26/2016 / 7/2/2018 | 230 | Disposed(D) | Dismissed(DISM)10/8/2018 | | FORGERY (F) | 10/8/2018 |
| 150774301010-3/ Complete(C) | WATTELL, OSCAR LAMAYSEE | 4/26/2016 / 7/2/2018 | 230 | Disposed(D) | Disposed(DISP)10/8/2018 | | FORGERY (F) | 10/8/2018 |
| 208203001010-2/ Dismissed(D) | WATTELL, OSCAR | 3/25/2016 / 7/2/2018 | 2 | Disposed(D) | Dismissed(DISM)10/26/2018 | $25,000 | TRESPASS PROP/BLDG-NO FORB ENT (M) | 10/26/2018 |
| 208054401010-2/ Complete(C) | WATTELL, OSCAR | 3/17/2016 / 7/2/2018 | 2 | Disposed(D) | Disposed(DISP)10/26/2018 | $25,000 | PROMOTE PROSTITUTION (M) | 10/26/2018 |
| 18531750101A-4/ Complete(C) | WATTELL, OSCAR L AKA WATTELL, | 11/21/2012 | 6 | Disposed(D) | | 12/31/2012 | $5,000 | |
| 185317501010-2/ Complete(C) | WATTELL, OSCAR L | 9/25/2012 / 12/3/2012 | 6 | Disposed(D) | Disposed(DISP)12/7/2012 | $10,000 | POSS MARIJ 0-2 OZ (M) | 12/7/2012 |
| 134196201010-3/ Dismissed(D) | WATTELL, OSCAR LAMYSEE | 3/28/2012 / 3/28/2012 | 232 | Disposed(D) | Dismissed(DISM)4/13/2012 | $2,000 | CREDIT/DEBIT CARD ABUSE (F) | 4/13/2012 |
| 134196101010-3/ Complete(C) | WATTELL, OSCAR LAMYSEE | 3/28/2012 / 12/3/2012 | 232 | Disposed(D) | Disposed(DISP)12/3/2012 | $20,000 | CREDIT/DEBIT CARD ABUSE (F) | 12/3/2012 |
| 174720501010-2/ Complete(C) | WATTELL, OSCAR | 3/30/2011 / 3/30/2011 | 13 | Disposed(D) | Disposed(DISP)4/1/2011 | $2,500 | TRESPASS PROP/BLDG-NO DEPART (M) | 4/1/2011 |

Mr. Wattell's criminal history would not be admissible in the case-in-chief of the conspiracy counts. The government has not given notice of 404(b). Even with notice, there would be very limited exceptions that would allow for the introduction of Mr. Wattell's criminal history. Even if Mr. Wattell exercised his

right to testify on his own behalf, the criminal history would be limited to specific impeachment exceptions.

## Prayer

The cumulative prejudicial effect of the criminal histories of the co-defendants would deny Mr. Wattell a fair trial. The introduction of a "felony involving dishonesty" in Count 47 would unfairly prejudice Mr. Wattell's right to a fair trial in Counts 17, 21, 29, and 36. Mr. Wattell respectfully moves the Court to sever each count.

Respectfully Submitted,

/s/ Michael DeGeurin
Michael DeGeurin
Federal Bar No. 23288
Foreman DeGeurin & DeGeurin
300 Main St. 3rd Floor
Houston, Texas 77002
Telephone No. (713) 655-9000
Facsimile No. (713) 655-1812
Attorney for Oscar Wattell

## CERTIFICATE OF CONFERENCE

The government is opposed to the motions to sever prejudicial joinder.

/s/ Michael DeGeurin
Michael DeGeurin

## **CERTIFICATE OF SERVICE**

On the day of filing a true and correct copy of this filing was emailed to Assistant United States Michael Day.

*/s/ Michael DeGeurin*
Michael DeGeurin